UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NIGERIANS IN DIASPORA ORGANIZATION AMERICAS**, <br><br> Plaintiff, <br><br> v. <br><br> **SKC OGBONNIA, HENRY CHIKUIKEM IHEDIWA**, and **AUDU ALI**, <br><br> Defendants. | Civil Action No. 16-cv-1174 (TSC) |

## MEMORANDUM OPINION

Plaintiff, Nigerians in Diaspora Organization Americas (NIDOA), is a Washington, D.C. based non-profit organization. Plaintiff filed this lawsuit against three individual defendants who were removed as officers and members from the Houston Chapter of the national organization. Plaintiff alleges that despite the removal, the Defendants have continued to hold themselves out as a legitimate chapter of the national organization and have distributed unauthorized publications:

> Defendant[s] advertised via the Internet and beyond, offered their libelous publication via the Internet to known recipients all over the United States and beyond, have transacted business via the Internet, have committed and/or induced acts of trademark infringement all over the United States and beyond, and/or have placed infringing communications alleging ownership of Plaintiff's trademarks in the United States through established communication channels with the expectation that such communication shall result in positive responses to them via the Internet.

(Compl. ¶ 9). Plaintiff claims that Defendants' conduct constitutes trademark infringement and false advertising in violation of the Lanham Act, Lanham (Trademark) Act, 15 U.S.C. §§ 1051-1141, as well as defamation of character.

As noted in a prior order, the court questions the appropriateness of venue in this district. The three *pro se* defendants, who are citizens of Texas, contend that they have never conducted business or resided in this jurisdiction, and have filed Motions to Dismiss challenging both venue and personal jurisdiction here in the District of Columbia. (*See* ECF Nos. 10-14).

The party objecting to venue must present sufficient facts to put the plaintiff on notice that there is a defect in venue. *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C.2014), *aff'd sub nom.*, 602 F. App'x 836 (D.C. Cir. 2015). "Nevertheless, the burden remains on the plaintiff to establish that venue is proper since it is the plaintiff's obligation to institute the action in a permissible forum." *McCain*, 13 F. Supp. 3d at 51 (citation and internal quotations omitted). Nothing in the Complaint supports a finding that Plaintiff has met this burden. Plaintiff alleges that venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400. (Compl. ¶ 10). Section 1391(b) provides that

> [a] civil action may be brought in . . . (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction . . . .

28 U.S.C. § 1391(b). None of the Defendants are residents of the District of Columbia, (Compl. ¶¶ 4-6), and there is no indication in the Complaint that any "substantial part of property" related to this lawsuit is located here. Finally, although Plaintiff claims that Defendants sent unauthorized publications to "outlets both within and outside of the United States," (Compl. ¶ 23), Plaintiff has not alleged that any of the "events or omissions giving rise to the claim[s]," occurred in the District of Columbia, much less a "substantial part" of those events. *See* 28 U.S.C. § 1391(b). Thus, venue is not appropriate under subsection (b) of 28 U.S.C. § 1391

unless Plaintiff can obtain personal jurisdiction over the Defendants in this district.  *See* 28 U.S.C. § 1391(b)(3).

A plaintiff bears the burden of establishing that the court has personal jurisdiction over a defendant.  *See Naartex Consulting Corp. v. Watt*, 542 F. Supp. 1196, 1199 (D.D.C. 1982), *aff'd*, 722 F.2d 779 (D.C. Cir. 1983).  In this case, the Plaintiff merely asserts in the Complaint, based on "information and belief," that Defendants are subject to personal jurisdiction in the District of Columbia because their conduct extended "all over the United States and beyond."  (Compl. ¶ 9).  This allegation is not sufficient to meet Plaintiff's burden of establishing that the Defendants' conduct has a connection to the District of Columbia.  Therefore, Plaintiff has not asserted any facts in support of personal jurisdiction over the Defendants in the District of Columbia and, accordingly, venue is not appropriate under subsection (b) of 28 U.S.C. § 1391.

Likewise, the Plaintiff has not alleged any facts that would make venue appropriate under the other provisions cited in the complaint.   28 U.S.C. § 1391(c) simply establishes residency for venue purposes:

> For all venue purposes--
> (1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled.

Accordingly, subsection (c)(1) does not support venue in the District of Columbia because the Defendants are not domiciled in the District of Columbia.  Likewise subsection (d) does not support Plaintiff's venue allegation because that section relates solely to the "[r]esidency of corporations in States with multiple districts" and the Plaintiff sued the Defendants as individuals and not as part of a corporation.  *See* 28 U.S.C. § 1391(d).

Finally, 28 U.S.C. § 1400(b) does not support venue in the District of Columbia.  That section provides the following:

**§ 1400. Patents and copyrights, mask works, and designs**

**(a)** Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.

**(b)** Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

This provision is inapplicable because it applies to suits for "patent infringement," but not to suits involving trademark claims. Instead trademark claims "are governed by the general venue statute, 28 U.S.C.A. § 1391(b)." 14D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3819 (4th ed. 2016) (citing *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. Partnership.*, 34 F.3d 410, 412 (7th Cir. 1994)).

In summary, Plaintiff has not cited to any venue provisions or asserted any facts that would support venue in this district. When a case is filed in the wrong district, the district court where the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision of whether dismissal or transfer is "in the interest of justice" is committed to the sound discretion of the district court. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C. Cir. 1983).

On July 20, 2016 the court issued a Show Cause Order directing Plaintiff to file a response to Defendants' motions to dismiss by July 25, 2016. The court directed Plaintiff to address in the response whether this court has jurisdiction over the Defendants and to set forth the facts that support venue in this jurisdiction. Plaintiff neither met the July 25, 2016 deadline, nor sought leave to extend the deadline.

Local Civil Rule 7(b) provides that "an opposing party shall serve and file a memorandum of points and authorities in opposition to [a] motion. If such a memorandum is not

filed within the prescribed time, the Court may treat the motion as conceded." Because Plaintiff failed to respond to Defendants' motions to dismiss and the allegations in the complaint do not support venue or personal jurisdiction in this district, the court will grant the motions and dismiss this action.

The Clerk of the Court shall mail a copy of this Opinion to:

**SKC OGBONNIA**
906 Riverlace Dr.
Houston, TX 77079

**HENRY CHIKUIKEM IHEDIWA**
3539 George Washington
Missouri City, TX 77459

**AUDU ALI**
9220 Clarewood Dr.
Apt 2038
Houston, TX 77036

Date:  August 1, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge